**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

COACH, INC. and
COACH SERVICES, INC.,

      Plaintiffs,

v.

IVORY MARKET, INC., d/b/a Dollar Plus,

      Defendant.

_____

**COMPLAINT WITH JURY DEMAND**

_____

      Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, for their complaint against Defendant Ivory Market, Inc. d/b/a Dollar Plus ("Ivory Market"), allege as follows:

**I. THE PARTIES**

      1.    Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

      2.    Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

      3.    Upon information and belief, Defendant Ivory Market is a corporation organized and existing under the laws of the State of Colorado, having a principal place of business at 10890 East Dartmouth Avenue, Unit G, Denver, Colorado 80014, United States.

## II.  JURISDICTION AND VENUE

4.      This is an action for trademark counterfeiting and infringement, false designation of origin, and dilution arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et. seq.*, as amended (the "Lanham Act"), and for statutory and common law trademark infringement, unfair competition, and deceptive trade practices under the laws of the State of Colorado.

5.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over the Defendant because it does business in the State of Colorado.

7.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and §1400(a) because Defendant resides in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## III.  FACTS COMMON TO ALL COUNTS

**The World Famous Coach Brand and Products**

8.      Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear,

jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs, and via an Internet website, www.coach.com, throughout the United States, including Colorado.

9.      Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively, the "Coach Marks").

10.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding four and one-half billion dollars ($4,500,000,000).

**The Coach Trademarks**

11.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |

3

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 | |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 | |

12.     These registrations are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.[1]

13.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

14.     The registration of the marks also provides sufficient notice to Defendant of Coach's ownership and exclusive rights in the Coach Trademarks.

15.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

16.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

**Defendant's Acts of Infringement and Unfair Competition**

17.     Upon information and belief, Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, (hereinafter referred to as the "Infringing Products").  Defendant's specific conduct includes, among other things:

A.     On or about September 29, 2012, an investigator for Coach (the "Investigator") visited Ivory Coast, located at 10890 Dartmouth Avenue, Unit G, Denver, Colorado 80014, where he recognized several handbags bearing counterfeit trademarks of Coach and of other manufacturers.

B.     A male employee then engaged in conversation with the Investigator, and informed the Investigator that he is from the Ivory Coast of Africa.

C.     The male employee also informed the Investigator that all of the handbags in the store were "authentic' and "from the manufacturer."

D.     The male employee also stated that the handbags currently on display and being offered for sale were obtained from England, but that some of the other women's products come from France.

E.     The Investigator then purchased, with cash, one handbag bearing the Coach Marks for seventy dollars ($70.00) ("Infringing Product").

F.     The Investigator was also given a receipt for his purchase.

G.      The Infringing Product contained at least the following Coach Marks: (1) the "Heritage Logo;" (2) the "Coach & Lozenge Design;" (3) the "Coach OP Art;" (4) the "Coach Signature C;" and, (5) the "Coach Stylized."

H.      The purchased handbag was inspected by Coach personnel, who determined that it is counterfeit and infringes on Coach's trademarked intellectual property.

18.     Defendant is well aware of the extraordinary fame and strength of the Coach Brand and the Coach Trademarks, and the incalculable goodwill associated therewith.

19.     Defendant has no license, authority, or other permission from Coach to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

20.      Defendant has been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

21.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

22.     Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

23.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendant's activities, and has no adequate remedy at law.

**Count I**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

24.     Coach repeats and realleges the allegations set forth in paragraphs 1-23.

25.     Defendant, without authorization from Coach, used and continues to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

26.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's Infringing Products are genuine or authorized products of Coach.

27.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

28.     Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

29.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

30.     Upon information and belief, Defendant intends to continue its counterfeiting and infringing acts, unless restrained by this Court.

31.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

32.     As a result of Defendant's activities, Coach has been damaged in an amount to be ascertained at trial.

**COUNT II**
**(Trademark Infringement, 15 U.S.C. § 1114)**

33.     Coach repeats and realleges the allegations set forth in paragraphs 1-32.

34.     Defendant, without authorization from Coach, has used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

35.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

36.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

37.     Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

38.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

39.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

40.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

41.     As a result of Defendant's activities, Coach has been damaged in an amount to be ascertained at trial.

**COUNT III**
**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

42.     Coach repeats and realleges the allegations set forth in paragraphs 1-41.

43.     Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendant's use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendant is in some way affiliated with Coach.

44.     The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

45.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

46.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

47.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

48.     As a result of Defendant's activities, Coach has been damaged in an amount to be ascertained at trial.

## COUNT IV
### (Trademark Dilution, 15 U.S.C. § 1125(c))

49.     Coach repeats and realleges the allegations set forth in paragraphs 1-48.

50.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

51.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

52.     Defendant's use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

53.     Defendant has intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

54.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

55.     Upon information and belief, Defendant intends to continue its dilutive and infringing acts, unless restrained by this Court.

56.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

57.     As a result of Defendant's activities, Coach has been damaged in an amount to be ascertained at trial.

**COUNT V**
**(Common Law Trademark Infringement and Unfair Competition)**

58.     Coach realleges and incorporates each and every allegation set forth in paragraphs 1 through 57 of the Complaint as if fully set forth and restated herein.

59.     The Coach Marks are distinctive and valid at common law.

60.     Coach has used the Coach Marks in U.S. commerce, including in the State of Colorado, since at least as early as 1960.

61.     Defendant's conduct constitutes trademark infringement and unfair competition under Colorado common law.

62.     Defendant's acts of trademark infringement and unfair competition have caused and will continue to cause damage and irreparable harm to Coach, and are likely to continue unabated, thereby causing further damage and irreparable harm to Coach and to the valuable goodwill symbolized by and associated with its distinctive and well-known Coach Marks, unless enjoined and restrained by the Court.

63.     Plaintiffs have no adequate remedy at law.  If Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to the Coach Marks, their goodwill, and their reputation.

64.     Defendant's trademark infringement and unfair competition is and was knowing and willful.

65.     As a result of Defendant's activities, Coach has been damaged in an amount to be ascertained at trial.

**COUNT VI**
**(Deceptive Trade Practices Under**
**the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*)**

66.     Coach realleges and incorporates each and every allegation set forth in paragraphs 1 through 65 of the Complaint as if fully set forth and restated herein.

67.     In the course of its business, Defendant has and continues to knowingly pass off its goods, services, or property as those of Coach and/or the Coach Marks.

68.     In the course of its business, Defendant has and continues to knowingly make false representations as to affiliation, connection, or association with or certification by Coach and/or the Coach Marks.

69.     In the course of its business, Defendant has and continues to knowingly make false representations as to the sponsorship, approval, status, affiliation, or connection of Coach and/or the Coach Marks with Defendant's business, goods, services, or property.

70.     Defendant's false representations were and are directed to the market generally. Defendant's goods are closely related and directly compete with Coach's services offered under the Coach Marks, and are offered and provided through the same markets and channels of trade to the same relevant consumers.  Defendant's actions have and do create a significant public impact on actual or potential consumers of Coach's goods and/or services.

71.     Based on the foregoing, Defendant has engaged in deceptive trade practices as set forth in Colorado Revised Statutes § 6-1-105 and Colorado common law, and has damaged and will continue to damage Plaintiffs and the valuable Coach Marks causing irreparable harm for which Coach has no adequate remedy at law.

72.     Defendant's actions are and were knowing and willful.

16

73.     As a result of Defendant's activities, Coach has been damaged in an amount to be ascertained at trial.

## IV.  PRAYER FOR RELIEF

WHEREFORE**,** Coach respectfully requests that this Court enter judgment against Defendant as follows:

A.     Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendant has diluted the Coach Trademarks in violation of Colorado common law; (iii) Defendant has engaged in trademark infringement and unfair competition under the common law of Colorado; and, (iv) Defendant has engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act (C.R.S. § 6-1-101 *et seq.*).

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with it from:

1.     Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights;

2.      Engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; and,

3.      Engaging in any other activity that will cause the distinctiveness of the Coach Trademarks to be diluted.

C.      Requiring Defendant to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendant to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendant to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual

damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

       G.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

       H.      Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

       I.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendant; and,

       J.      Awarding Coach such additional and further relief as the Court deems just and proper.

## X.  DEMAND FOR JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  January 17, 2013.                    Respectfully submitted,


                                             /s/Erin A. Kelly
                                             Erin A. Kelly
                                             Bryan Cave
                                             1700 Lincoln Street, Suite 4100
                                             Denver, CO 80203-4541
                                             Telephone:  303-861-7000
                                             Facsimile:  303-866-0200
                                             Email:  erin.kelly@bryancave.com


                                             S. Patrick McKey
                                             Donald A. Cole
                                             Bryan Cave
                                             161 North Clark Street, Suite 4300
                                             Chicago, IL 60601-3315
                                             Telephone:  (312) 602-5000
                                             Facsimile: (312) 602-5050
                                             Email: patrick.mckey@bryancave.com
                                             Email: donald.cole@bryancave.com

                                             Attorneys for Plaintiffs Coach, Inc.
                                             and Coach Services, Inc.