IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-0115-WJM-CBS

COACH, INC., and
COACH SERVICES, INC.,

    Plaintiffs,

v.

IVORY MARKET, INC., d/b/a DOLLAR PLUS d/b/a DOLLAR PLUS,

    Defendant.

**ORDER DENYING JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT
AND PERMANENT INJUNCTION**

This matter is before the Court on the Parties' Joint Motion for Entry of Consent Judgment and Permanent Injunction ("Motion"). (ECF No. 26.) The Motion represents that the parties have reached a settlement of all claims between them and have agreed to the entry of a consent judgment and permanent injunction to resolve this case. (*Id*. at 1.) The Motion is signed on behalf of the Plaintiff by Erin A. Kelly, Plaintiff's counsel, and, on behalf of the Defendant, by Mr. Namourou Konate, as the owner of Ivory Market d/b/a Dollar Plus. (*Id*. at 3.)

It is well-established that "a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); D.C.COLO.LCivR 83.3D ("Where the withdrawing attorney's client is a corporation, partnership, or other legal entity, the notice shall state that such entity cannot appear

without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity."). The only appearance made on behalf of the Defendant in this case is by Mr. Konate, which violates both this Court's Local Rules and the established practices in this Circuit.

In the Motion, the parties ask the Court to enter a "consent judgment" and a "permanent injunction". The Court has no objection to the substance of the proposed judgment or injunction. However, the corporation is not properly a party before this Court as no counsel has entered an appearance on its behalf. As such, the Court fails to see how any judgment entered could actually be a "consent judgment".

Accordingly, the Joint Motion for Entry of Consent Judgment and Permanent Injunction (ECF No. 26) is DENIED WITHOUT PREJUDICE. Mr. Konate shall promptly make arrangements to obtain an attorney to appear on behalf of his corporation.[1] In the absence of the appearance of an attorney for the Defendant, the Court will be forced to find that the Defendant is in default.

Dated this 10th day of September, 2013.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] The Court appreciates that obtaining counsel may be burdensome to the Defendant. However, representation of the Defendant need not be onerous, and may be as simple as an attorney entering his or her appearance and the parties re-filing the instant Motion with the attorney's approval. The Defendant will surely appreciate that this would be preferable to the entry of a default judgment against it.